UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                        DECISION AND ORDER

                                                        13-CR-6173L

        v.

ANTHONY PRAY,

                      Defendant.
_____

Defendant Anthony Pray ("Pray") stands charged in a four-count indictment with narcotics offenses and with using or carrying a firearm in connection with a drug trafficking crime. This Court referred all pretrial motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Among other motions which have been resolved, defendant moved to suppress evidence obtained upon the execution of a search warrant and to suppress statements made by Pray at the time of the execution of the warrant and later at the Public Safety Building in Rochester, New York.

The Magistrate Judge accepted filings and conducted a suppression hearing on June 4, 2014. At the suppression hearing the Government presented two witnesses, James Schmidt, an agent with the Drug Enforcement Administration, and Martin Logan, a narcotics investigator with the Rochester Police Department. The defendant presented no evidence.

At the conclusion of proceedings, the Magistrate Judge issued a thorough 22-page Report and Recommendation discussing the facts and the relevant law and concluded by recommending

that this Court deny the motion to suppress evidence and the motion to suppress statements. (Dkt. #46). Thereafter, the defendant filed general objections to the Report and Recommendation (Dkt. #47).

I have carefully reviewed the Magistrate Judge's Report and Recommendation, defendant's objections, and the full transcript of the suppression hearing has been prepared for my review.

The two principal issues presented is whether the search warrant, that was authorized by a Monroe County Court Judge, was based on probable cause and was it defective because it was overly broad, therefore, violating the requirement of particularity. Pray also moved to suppress statements he made on the scene when the agents executed the warrant and later at the Public Safety Building when he signed a written statement.

I accept and adopt the Magistrate Judge's Report and Recommendation relative to Pray's challenge to the warrant. I believe the facts set out by the Magistrate Judge establishes that the warrant signed by the County Court Judge was based on probable cause and it was not overly broad as claimed by Pray. There was, in my view, ample probable cause for the court to issue the warrant for Pray's address at 86 Mason Street, Rochester, New York. There had been several control purchases of narcotics at the residence. One of these purchases occurred but a few days before execution of the warrant. The purchases were made by a known person who had previously provided credible information to the agents about drug trafficking, and I believe, therefore, that there was ample probable cause for the County Court Judge to issue the warrant.

Concerning Pray's claim that the warrant was overly broad, I believe the facts and the law indicate otherwise. The warrant was quite specific as to the items to be seized and, as the Magistrate Judge noted in her Report and Recommendation, the warrant at issue is precisely the type of warrant that courts routinely uphold against over-breath challenges. Magistrate Judge Payson cited numerous cases upholding such warrants.

In addition, the Magistrate Judge relied on the United States Supreme Court case of *United States v. Leon,* 468 U.S. 897 (1984). In this case the officers relied upon the search warrant in good faith and there is no reason to believe they should not have done so. Therefore, if officers rely on a warrant issued in good faith by a court, that precludes enforcement of the exclusionary rule barring the fruits of that search. For all of the above reasons, I agree with the Magistrate Judge that there is no basis to suppress the evidence seized as a result of the execution of the search warrant at Pray's residence and, therefore, I deny his motion to suppress.

Pray also challenges statements that he made to Agent Schmidt and Investigator Logan on October 16, 2013. Pray generally claims that he was not provided timely *Miranda* rights and related challenges. I find that none of the issues raised by Pray warrant the relief he seeks. It is clear from the testimony at the suppression hearing, as set forth in Magistrate Judge Payson's Report and Recommendation, that the statements made by Pray, when the agents entered his home under authority of the no-knock warrant, were clearly spontaneous statements not occasioned by any custodial interrogation. Pray made two statements to Agent Schmidt at 86 Mason Street, and I find both were voluntary and spontaneous utterances, not the product of any custodial interrogation. Such spontaneous statements, which are not the product of any interrogation or other action by the police that might be expected to elicit a response, having never been subject to suppression.

After these initial statements and Pray's arrest, he was taken to the Public Safety Building in downtown Rochester. At that point, according to the testimony presented at the suppression hearing, which was not contradicted by any defense evidence, Pray was fully advised of his *Miranda* warnings, waived counsel and never requested counsel during the interrogation process. I find, as did the Magistrate Judge, that Pray was advised of his rights and knowingly and voluntary waived them and signed a written statement indicating his culpability. There is no basis for suppression here.

I also agree with the Magistrate Judge's determination that the Court has no obligation to consider *pro se* filings when defendant has an attorney. Such "hybrid representation" may be denied by the Court absent a compelling reason to allow otherwise. I see no reason whatsoever to allow hybrid representation but, as did the Magistrate Judge, I reviewed Pray's *pro se* filings and find no basis in those papers to change the result here.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #46) of United States Magistrate Judge Marian W. Payson. I find no reason to alter, modify or reverse any portion of that Report and Recommendation.

Defendant Anthony Pray's motion (Dkt. #26) to suppress tangible evidence obtained from execution of the search warrant and his motion to suppress statements, both oral and written, are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 28, 2014.